# In the United States Court of Federal Claims

No. 21-154T
Filed: July 7, 2021
**TO BE PUBLISHED**

---

**KEITH R. ARENSMEYER and
HAE SUK ARENSMEYER,**

                *Plaintiffs,*

v.

**THE UNITED STATES,**

                *Defendant.*

---

*Tiffany Michelle Hunt*, Barnes & Hunt, PLLC, Dallas, TX, for Plaintiffs.

*Richard J. Markel*, Trial Attorney, *David A. Hubbert*, Acting Assistant Attorney General, *David I. Pincus*, Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, with whom was *Mary M. Abate*, Of Counsel, Assistant Chief, Court of Federal Claims Section, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

It is a long-standing tenet that clerics enjoy certain privileges under tax laws. These privileges are rooted in the notion that charitable benefits provided by religious organizations and their leaders exceed the societal costs of the tax benefits they enjoy. *See Bob Jones Univ. v. United States*, 461 U.S. 574, 590 (1983) (finding that charitable organizations such as religious ones are entitled to tax benefits because they serve desirable public purposes). Here, Plaintiffs ("the Arensmeyers") attempt to utilize those privileges and obtain a refund based on Keith Arensmeyer's status as a pastor.

Before the Court is the United States' Motion for Judgment on the Pleadings pursuant to RCFC 12(c), (Def.'s Mot. for J. on the Pleadings ("Def.'s Mot."), ECF No. 10). The Court agrees that the Arensmeyers did not satisfy statutory requirements for exemption and thus **GRANTS** the United States' Motion.

### I.    Background

Keith Arensmeyer is an ordained bishop and a full-time pastor of the New Horizons Church of God in Shelton, Washington. (Compl. ¶ 21, ECF No. 1). As a married couple, the Arensmeyers filed their tax returns jointly in 2017 and 2018. (Compl. Ex. A at 3, Ex. B at 3).

The Arensmeyers reported a total income of $53,560 in 2017 and $64,090 in 2018. (Compl. Ex. A at 3, Ex. B at 3). Each tax return contained a Schedule SE (IRS Form 1040, Self-Employment Tax) showing the income subject to self-employment tax and the resulting tax as $9,094 for 2017 and $9,056 for 2018. (Compl. Ex. A at 5, Ex. B at 5). This case concerns whether the Arensmeyers were required to pay self-employment taxes on the income Keith Arensmeyer earned as a pastor.

According to their Complaint, "it came to Plaintiffs' attention in early 2019 that portions of their return were prepared incorrectly[.]" (Compl. ¶ 16). This discovery induced the Arensmeyers to employ a new tax company, Castro & Co., to prepare and submit amended returns. (*Id.*). Per the Arensmeyers' allegations, "Castro & Co. found that [the Arensmeyers] were entitled to claim an exemption from social security taxes for services performed by a member of a religious order in the exercise of duties as required by such order pursuant to I.R.C. § 1402(c)(4)." (*Id.* ¶ 17). In February 2020, Castro & Co. prepared amended tax returns for 2017 and 2018, requesting refunds for self-employment taxes. (*Id.* ¶ 18). The Internal Revenue Service ("IRS") denied the Arensmeyers' request for refund, (*Id.* ¶ 24; *see also* Compl. Ex. F), and litigation followed.

Shortly after suit was filed, on April 20, 2021, the United States moved for Judgment on the Pleadings. The United States generally argued that the facts pled show that the Arensmeyers did not comply with the statutory prerequisites to entitlement to the self-employment tax exemption. (*See* Def.'s Mot.). On May 12, 2021, the Arensmeyers responded to the United States' Motion. (Pl.'s Resp. ECF No. 15). On May 26, 2021, the United States filed its Reply in Support of its Motion for Judgment on the Pleadings. (Def.'s Reply, ECF No. 16). On May 27, 2021, the Court scheduled a hearing on the pending motion. (ECF No. 17). Three days prior to the hearing, the Arensmeyers filed a Motion for Leave to File their First Amended Complaint to correct the deficiencies presented in their original Complaint. (ECF No. 18). The Court denied that motion Order entered July 2, 2021. (ECF No. 22). The original Complaint (ECF No. 1) is the operative pleading upon which the United States moves for judgment.

## II.     Analysis

In their Motion for Judgment on the Pleadings, the United States argues that the Complaint fails to allege that the IRS granted the Arensmeyers an exemption from self-employment tax. (Def.'s Mot. at 3). The United States also argues that the Arensmeyers failed to submit Form 4361, which is entitled "Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners." (*Id.*). The United States maintains that, to claim the exemption, the Arensmeyers must have submitted the application and the IRS must have accepted it. (*Id.*). The United States highlights that the Arensmeyers failed to allege either requirement. (*Id.*). The United States cites the Complaint's assertion that, "because [the Arensmeyers] statutorily fall into the exemption under I.R.C. § 1402(c)(4), the application for exemption referenced in I.R.C. § 1402(e) does not apply to them." (*Id.* (citing Compl. ¶ 23)). As explained in the Court's prior Order, the Arensmeyers are limited specifically to arguments presented to the IRS. Therefore, the Court need not address whether the Arensmeyers were required to file an application to claim the exemption they seek. The question before the Court is whether the Arensmeyers have sufficiently pled that they followed the

2

statutory guidelines. In short, they did not, and judgment must be granted in favor of the United States.

A motion for judgment on the pleadings should be granted when "there are no material facts in dispute and the [moving] party is entitled to judgment as a matter of law." *Forest Labs., Inc. v. United States,* 476 F.3d 877, 881 (Fed. Cir. 2007) (citation omitted); *see also Owen v. United States,* 851 F.2d 1404, 1407 (Fed. Cir. 1988) (explaining that courts must grant a motion for judgment on pleadings when "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim[.]") (internal quotation omitted). When considering a motion for judgment on the pleadings, "the court applies substantially the same test as it does for a motion to dismiss for failure to state a claim under RCFC 12(b)(6)." *Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711, 719 (2015) (citing *Xianli Zhang v. United States*, 640 F.3d 1358, 1364 (Fed. Cir. 2011)). In applying that standard, factual allegations set forth in the complaint regarding the claimed defenses must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The Court must inquire whether the complaint "plausibly suggest[s] (not merely [is] consistent with)" a showing of entitlement to relief. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Twombly*, 550 U.S. at 557). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). While a plaintiff is not required to set out in detail the facts upon which the claim or defense is based, "[t]o survive a motion [for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (emphasis added) (quoting *Twombly*, 550 U.S. at 570). Plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In most instances, employment wages are subject to withholdings pursuant to the Federal Insurance Contributions Act ("FICA"). I.R.C. §§ 3101, 3111. There, "employment" specifically excludes "service performed by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry." I.R.C. § 3121(b)(8). Instead, income garnered from services performed by a duly ordained, commissioned, or licensed minister, in a capacity as a minister, is considered self-employment income and therefore subject to self-employment tax and the Self-Employment Contributions Act ("SECA"). I.R.C. § 1402(c)(4), (5). SECA tax ultimately reaches "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business." I.R.C. § 1402(a). Section 1402(c)(4) excludes from the definition of "trade or business," and thus exempts from SECA, "the performance of service by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry."

Section § 1402(c) goes on to state that, "[t]he provisions of paragraph (4) . . . shall not apply to service (other than service performed by a member of a religious order who has taken a vow of poverty as a member of such order) performed by an individual unless an exemption under subsection (e) is effective . . . .." Stated plainly, unless an exception applies, the exemption is not automatic; the taxpayer must apply and be approved. I.R.C. § 1402(e), (g). Section 1402(e) further specifies that a "duly ordained, commissioned, or licensed minister" must file an application prescribed by regulation that includes statements indicating the taxpayer "is

3

conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance" and "has informed the ordaining, commissioning, or licensing body of the church or order that he is opposed to such insurance." § 1402(e)(1). Pursuant to Treasury Regulation § 1.1402(e)-2A, that required application is IRS Form 4361: a one-page form that includes the relevant statements. Merely filing that form does not invoke the exemption; the Form must be approved by the IRS. *Peverill v. Commissioner*, T.C. Memo 1986-354, 1986 WL 21557 ("The mere filing of a Form 4361 is not sufficient for exemption; approval must be obtained.").

The United States argues that the Arensmeyers' Complaint does not allege they complied with the statutory provisions which would allow them to take advantage of § 1402(c)(4)'s SECA tax exemption. There is no mention of obtaining the required approval for such an exemption or an assertion that they submitted IRS Form 4361,[1] nor is an exception to the application requirement adequately pled. The Complaint summarily asserts that, under § 1402(c)(4), the Arensmeyers were not required to apply for, or obtain approval of, the exemption:

> 22. Plaintiffs would both show that the duties Mr. Arensmeyer performs for the Church of God is in furtherance of his religious order from the Church of God. Therefore Plaintiff performs duties in accordance with the religious order from the Church of God and therefore falls into the exemption from social security tax as laid out in I.R.C. § 1402(c)(4).
>
> 23. Plaintiffs would show that because they statutorily fall into the exemption under I.R.C. § 1402(c)(4), the application for exemption referenced in I.R.C. § 1402(e) does not apply to them. Thus, Plaintiffs do not need to use IRS Form 4361 to apply for exemption from social security tax.

(Compl. ¶¶ 22–23). The Arensmeyers' Complaint asserts that they were not required to apply for, or obtain, the approval of the IRS to invoke the § 1402 exemption. This is a legal conclusion that the Court need not accept as true. There is no factual basis for that conclusion elsewhere in the Complaint.

The question for the Court is whether the Arensmeyers can sustain their claim to the § 1402(c) exemption utilizing the allegations in the Complaint. The Arensmeyers' claim is defective in concluding that because I.R.C. § 1402(c)(4) applies to them, they are necessarily

---

[1] The Court notes some discrepancy in the record as to this form. It seems both parties are in agreement that IRS Form 4361 was not filed, but correspondence from the IRS states: "Research indicates the IRS *denied your Form 4361* therefore your S/E Income is not considered tax exempt and should be calculated on your return." (Compl. Ex. F (emphasis added)). Since that outcome will not alter the result of these proceedings, the Court will not make a distinction as to whether the Arensmeyers failed to apply, which is the going contention, or applied and were denied.

4

exempt from filing the requisite application. That is statutorily incorrect. Only those that have taken a vow of poverty are exempt from filing the application mandated by I.R.C. § 1402(e). The Arensmeyers' Complaint fails to plead that Keith Arensmeyer took a vow of poverty. The requested amendment to do so is futile because that theory was not explicitly asserted before the IRS. (*See* Order Denying Mot. for Leave to Am. Compl., ECF No. 22). Coupled with the Arensmeyers' admission that they did not file an application for exemption pursuant to I.R.C. § 1402(e), the Arensmeyers' claim fails to state a claim that plausibly entitles the Arensmeyers to relief. As such, the United States' Motion for Judgment on the Pleadings must be granted.

### III. Conclusion

The Arensmeyers failed to allege that they applied for or obtained the requisite approval for exemption from income taxes under SECA. Therefore, the Arensmeyers are not entitled to relief. Thus, the United States' Motion for Judgment on the Pleadings is **GRANTED**.

The Clerk is directed to enter judgment in accord with this Opinion. Each side shall bear its own costs.

**IT IS SO ORDERED.**



s/ David A. Tapp
DAVID A. TAPP, Judge